**In re BLOSS GLASS COMPANY, INC., Debtor.**

**Bankruptcy No. 5–83–00589.**

United States Bankruptcy Court, M.D. Pennsylvania.

March 8, 1984.

Glen R. Grell, Shearer, Mette & Woodside, Harrisburg, Pa., for debtor.

Aaron M. Matte, Allentown, Pa., for Union.

### OPINION

THOMAS C. GIBBONS, Bankruptcy Judge.

Bloss Glass Company, Inc. (Bloss) commenced this proceeding seeking permission to reject executory contracts pursuant to 11 U.S.C. § 365(a) of the Bankruptcy Code. For the reasons provided herein, we grant the relief requested.

On or about November 1, 1983, Bloss filed for relief under Chapter 11 of the Bankruptcy Code. Bloss, a small glass contractor engaged in the business of fabricating, handling and installing glass products in the vicinity of Hazleton, Pennsylvania, was forced to seek relief under the Bankruptcy Code because of mounting business losses occasioned by a lack of profitable contracting jobs. Bloss contends that because of the excessive labor wages and benefits it must pay pursuant to two collective bargaining agreements, it cannot be cost competitive with other glass contracting businesses in the Hazleton area.

Bloss asserts the company is in a precarious position because to achieve awards of contracting jobs the company must submit low bids which result in marginal profits, if any profit is realized at all, because much of the income must be channeled to pay excessive labor costs. Bloss also asserts that the only way it can become cost competitive in a tight market is to reject the wage and benefit provisions of the present collective bargaining agreements and replace them with new wage and benefit scales. Finally, Bloss contends that if the company is not permitted to reject the collective bargaining agreements it will not be able to present a plan of reorganization and will be forced to liquidate. The Glaziers and Glassworkers Union, Local 618, of Reading and Allentown, Pennsylvania, Brotherhood of Painters and Allied Trades (Union) filed an objection to Gloss' Motion to Reject the Executory Contracts. The Union contends the collective bargaining agreements are not burdensome and will not impair the ability of Bloss to formulate a satisfactory plan of reorganization. We find the Union's contention without merit.

In addressing Bloss' motion, we are asked to permit Bloss to reject two collective bargaining agreements as executory contracts pursuant to the terms of 11 U.S.C. § 365(a). In pertinent part, § 365(a) provides:

## § 365. Executory contracts and unexpired leases

(a) Except as provided in sections 765 and 766 of this title and in subsections (b), (c), and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

In order to resolve this matter, we are compelled to follow the holdings of the Supreme Court of the United States in the recent decision of *National Labor Relations Board v. Bildisco & Bildisco, Debtor-in-Possession, et al.* (In re Bildisco), —— U.S. ——, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984).

Initially, we note the Supreme Court held that collective bargaining agreements subject to the National Labor Relations Act (NLRA) are executory contracts as contemplated within the meaning of § 365 and, therefore, are properly subject to rejection by the trustee or debtor in possession in a Chapter 11 reorganization. The court stressed that before any action is taken on the petition to modify or reject the collective bargaining agreement, the Bankruptcy Court must be persuaded that reasonable efforts to negotiate a voluntary modification of the collective bargaining agreement have been made and are not likely to produce a prompt and satisfactory solution. *Id.,* —— U.S. at ——, 104 S.Ct. at 1196. Bloss asserts that officials of Bloss met with the employees prior to the Chapter 11 filing to discuss possible wage and benefit concessions, but were unable to reach an agreement. The Union admits its business representatives and attorney met with Bloss' representatives to discuss concessions in the current wage and benefit package. No evidence contrary to Bloss' assertion was presented at trial. Consequently, we find that Bloss has made reasonable efforts to negotiate a voluntary modification of the collective bargaining agreements.

Because the parties cannot reach an agreement, this court is compelled to reach a decision on rejection of the collective bargaining agreements. The Supreme Court adopted the standard for rejection of collective bargaining agreements enunciated by the Third Circuit Court of Appeals in *In re Bildisco,* 682 F.2d 72 (3rd Cir.1983), *cert. granted,* 459 U.S. 1145, 103 S.Ct. 784, 74 L.Ed.2d 992 (1983), *aff'd,* —— U.S. ——, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984). The Supreme Court wrote "that the Bankruptcy Court should permit rejection of a collective bargaining agreement under § 365(a) of the Bankruptcy Code if the debtor can show that the collective bargaining agreement burdens the estate, and that after careful scrutiny, the equities balance in favor of rejecting the labor contract." 103 S.Ct. at 1190. In short, the court must carefully scrutinize the interest of all the parties involved in the proceeding including the debtor, creditors and employees and must also consider all consequences flowing from either a liquidation of the debtor absent rejection or a reorganization calling for the rejection of burdensome collective bargaining agreements. Upon review of the pleadings, briefs, all supporting documents filed by the parties, and the evidence adduced at trial, we find that the two collective bargaining agreements are a burden on the estate and the equities balance in favor of rejection of the labor contracts.

The evidence adduced at trial reveals that 27% of Bloss' monthly budget pays for labor expenses which includes wages, benefits and payroll taxes. The present agreement provides a base wage of approximately $14.00 per hour plus approximately $1.50 per hour in employer paid benefits. These hourly wages exceed those of competing glass contractors in the Hazleton area. On those contracting jobs Bloss does obtain, the profit margins are slim, if any profit is realized at all. We note that these observations do not apply to contracting jobs that involve government funding and call for mandated wage levels at the prevailing wage level rate in the general vicinity of Bloss' operation.

Bloss has attempted to cut costs in other areas of its operation by eliminating one of three management positions and attempting to renegotiate its business lease. Even

with Bloss' efforts to reduce operating expenses the company has sustained significant losses and has laid off its union employees since the date of the bankruptcy filing. Bloss contends, and we agree, that absent reductions in employee wages and benefits the company cannot be cost competitive and will not be able to reorganize its operations forcing the company to liquidate. On the other hand, if the collective bargaining agreements are rejected in favor of reduced hourly wages and benefits, the best interests of not only the company (Bloss), but also the employees and all creditors will be served because Bloss will be placed in a better position to attempt reorganization rather than proceeding with liquidation.

Consequently, we authorize Bloss to reject the collective bargaining agreements as executory contracts pursuant to § 365(a). Finally, we find that rejection of the collective bargaining agreements serves to enhance the ultimate policy goal of permitting successful rehabilitation of debtors under Chapter 11 of the Bankruptcy Code.